**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY T. MILLER, on behalf of plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | 1:14-cv-3097 |
| vs. | ) ) ) | |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff respectfully requests that this Court enter an order determining that this action alleging violation of the Fair Credit Reporting Act ("FCRA") be certified as a class action.

The class consists of (a) all individuals (b) on whose consumer report defendant reported a lawsuit (c) to which the individual was not a party (c) which report was prepared on or after a date 2 years prior to the filing of this action

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states as follows:

**I. NATURE OF THE CASE**

1. At all times relevant hereto, First Advantage Background Services Corp., ("First Advantage") was a "consumer reporting agency" governed by the FCRA, and was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties. First Advantage furnishes consumer reports for monetary compensation.

2. Defendant First Advantage describes its business as follows on its web site:

1

> "Keeping screening easy
>
> Finding and retaining the right people every day can be made a little easier with First Advantage. Our winning combination of searches and services provide the insights to reduce your risk while dramatically improving the quality of your talent and the reliability of your renters. For these reasons, First Advantage has become a trusted partner to over 41,000 organizations worldwide – we deliver the results you need to propel faster, more informed decisions.
>
> We're where you need answers
>
> As one of the largest screening providers in the world, First Advantage has offices in 26 locations worldwide, and we're well known for our expertise in global data usage.
>
> With a team of experts working on your behalf
>
> Our team of experts understands the requirements of your local market and culture, with a unique global technology platform that is useful across all of your locations and scalable for your needs to bring you answers faster. Many of our employees have worked in the screening industry for over 25 years and have held leading positions with the National Association of Strategic Background Screeners and the Drug and Alcohol Testing Industry Association.
>
> Offering the only advanced single-sign-on, multilingual solution
>
> We have the only single, automated, scalable, and configurable screening platform that works across all of our programs, no matter where you are in the world. This state-of-the-art product carefully packages your data in a way that is legally compliant for your location, highlighting what you need to know to take action. . . . "

(http://www.fadv.com/Our-Company/About-FADV.aspx)

  3. On or about February 11, 2014, First Advantage issued an "Eviction Report" purportedly pertaining to plaintiff. A copy of the report is attached to the complaint as <u>Exhibit A</u>.

  4. The report had been requested by a prospective landlord, after plaintiff had sought to rent an apartment.

  5. The report represented that plaintiff had been the defendant in an eviction case in the Circuit Court of Cook County, 13 M1 710898.

  6. The report did not indicate that there was any question but that the eviction case involved plaintiff.

7. In fact, the lawsuit had been against a different person, named Jeff Miller.

8. In the lawsuit, a Susan Cruz had sought to evict Jeff Miller and Lisa Piper from an apartment at 4053 N. Richmond, Chicago, Illinois.

9. Plaintiff had never lived at the address on Richmond that 13 M1 710898 was concerned with.

10. Plaintiff had never leased an apartment from Susan Cruz.

11. Plaintiff had no connection with the Lisa Piper referred to in the complaint.

12. On information and belief, defendant issued Exhibit A of the complaint, without any qualification, based on the fact that plaintiff and the Jeff Miller involved in 13 M1 710898 had similar names.

13. This is not a reasonable basis for assuming that the Jeff Miller who was the subject of the eviction case was the same person as the plaintiff.

14. A reasonable inquiry would have revealed that plaintiff was not the same person as the Jeff Miller who was the subject of the eviction case. A computer search reveals that there are 870 people with a similar name in Illinois.

15. Defendant represents to persons ordering its reports:

"Identity Analytics

We use a complex algorithm that matches historical information to the data provided to confirm that the results you receive are for the right individual. This saves time and trouble, and ensures you're making your decisions based on the right data"

(http://www.fadv.com/why-first-advantage/technology.aspx)

16. In fact, defendant's procedures do not "ensure" that the user is "making your decisions based on the right data."

17. As a result of the issuance of the report, plaintiff had great difficulty finding housing and suffered aggravation and distress.

18. On or about March 4, 2014, plaintiff sent First Advantage the letter attached as Exhibit B to the complaint, enclosing a letter from the attorney for the defendants in 13 M1

3

710898, pointing out that plaintiff was not the defendant therein.

19. Defendant then removed the eviction from the report.

20. Under the FCRA, 15 U.S.C. §1681e, defendant is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

21. Members of the class defined herein all have the same claim – that defendant negligently or willfully violated 15 U.S.C. §1681n and/or §1681o. Therefore, certification is appropriate.

22. Section 1681n provides:

> **§1681n. Civil liability for willful noncompliance**
>
> **(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> **(1)**
>
> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

23. Section 1681o provides:

> **§1681o. Civil liability for negligent noncompliance**
>
> **(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**
>
> **(1) any actual damages sustained by the consumer as a result of the failure;**
>
> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

## II. CLASS CERTIFICATION REQUIREMENTS

24. All requirements of Fed.R.Civ.P. 23(a) and 23(b)(3) have been met.

25. The class members are so numerous that joinder is impracticable. On information and belief, there are over 40 persons on whose consumer report defendant reported a lawsuit to which the individual was not a party and which report was prepared on or after a date 2 years prior to the filing of this action.

26. Plaintiff will obtain the exact number of class members through discovery, and will file a memorandum in support of his motion for class certification after obtaining such information.

27. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's practices violate the standard of maximum possible accuracy.

28. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

29. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of class members. Plaintiff has retained experienced counsel. (Exhibit A)

30. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many consumers may not realize that their rights are violated.

31. Courts have recently held that actions alleging willful FCRA violations and seeking statutory damages are appropriate for class resolution. *Armes v. Sogro, Inc. d/b/a Budget Host Diplomat Motel*, 2011 WL 1197537 (E.D. Wis. March 29, 2011), *Chakejian v. Equifax Information Services, LLC*, 256 F.R.D. 492 (E.D. Pen. 2009), *Summerfield v. Equifax Information Services, LLC*, 264 F.R.D. 133 (D. NJ 2009), *Cicilline v. Jewel Food Stores, Inc.*,

542 F. Supp. 2d 831 (N.D.Ill. 2008), *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D.Ill. Mar. 5, 2008), *Harris v. Circuit City Stores, Inc.*, 2008 WL 400862 (N.D.Ill. Feb. 7, 2008), *Halperin v. Interpark, Inc.*, 2007 WL 4219419 (N.D.Ill. Nov. 29, 2007).

32. Plaintiff is filing a class certification motion at this time because of the decision in *Damasco v. Clearwire Corp.,* 662 F.3d 891 (7th Cir. 2011).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on April 29, 2014, I caused to be filed the forgoing documents with the Clerk of the Court using the CM/ECF System, and caused to be served, on this date or as soon thereafter as service may be effectuated, a true and accurate copy of such filing via hand delivery or process server upon the following parties:

First Advantage Background Services Corporation
c/o registered agent Illinois Corporation Service Co.
801 Adlai Stevenson Dr.
Springfield, IL 62703

                                                          s/ Daniel A. Edelman
                                                          Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com